Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Pablo Fradera Alicea<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | KLRA202400587 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: Q-240-24<br><br>Sobre:<br><br>Cambio de Custodia y Traslado |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 6 de noviembre de 2024.

Comparece ante nos, el señor Pablo Fradera Alicea (Sr. Fradera Alicea o recurrente), quien presenta recurso de revisión administrativa en el que solicita un traslado de institución correccional.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El 18 de abril de 2024, el Sr. Fradera Alicea presentó una solicitud ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR) y, en esencia, solicitó que, por motivos de seguridad, fuese ubicado en la cárcel de Bayamón 501. Además, sostuvo que esta institución es la más cercana a su familia.

Número Identificador

SEN2024 _____

Al día siguiente, o sea, el 19 de abril de 2024, el DCR emitió una "Respuesta al Miembro de la Población Correccional", y razonó que la petición hecha por el recurrente debía enviarse a la Oficina de Control de Población a nivel central, entidad que determinará dónde ubicarlo. Del expediente no surge que se haya solicitado la reconsideración de esta determinación, o que se haya recurrido de la misma.

Inconforme, el Sr. Fradera Alicea presentó una moción ante el Tribunal de Primera Instancia. Atendido su escrito, el 22 de mayo de 2024,[1] dicho foro emitió una "Orden" en la que dispuso lo siguiente:

> *Nada que proveer. Ello es asunto de exclusiva consideración del foro administrativo es administración de corrección.*

De los autos no se desprende que se haya solicitado la reconsideración de esta determinación, o que se haya recurrido de la misma.

Según alega el Sr. Fradera Alicea en su recurso, el 1 de julio de 2024, envió una "Solicitud de Remedio Administrativo" que, hasta la fecha en que el recurso fue radicado, aún no había sido contestada.[2]

A pesar de no tener respuesta alguna, el 16 de octubre de 2024,[3] el Sr. Fradera Alicea recurre ante este foro apelativo intermedio, y reitera su solicitud de traslado.

**II.**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad que tiene un tribunal para considerar y decidir casos o

---

[1] Notificada ese mismo día.

[2] Véase, recurso a la pág.7.

[3] Según la fecha del depósito de la carta. El recurso fue ponchado por la Secretaría de este Foro el 18 de octubre de 2024.

controversias que tiene ante sí". *R&B Power. Inc. v. Junta de Subasta ASG*, 2024 TSPR 25, 213 DPR ___. Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power. Inc. v. Junta de Subasta ASG, supra.* Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

Es norma reiterada que, para adjudicar un caso, los foros judiciales de Puerto Rico deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1.ra ed., Colombia, 2010, pág. 25. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al,* 204 DPR 89, 101-102 (2020).

Por otro lado, la presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo*

*v. Rivera Ortiz,* 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.* Un recurso es prematuro cuando se ha presentado con relación a una determinación que se encuentra pendiente y no ha sido resuelta. *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015). O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que éste adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra,* a la pág. 274. En cambio, un recurso tardío es el que se presenta luego de transcurrido el término dispuesto en ley para recurrir. *Yumac Home v. Empresas Massó, supra,* a la pág. 107.

Ahora bien, las consecuencias de uno y otro son distintas. La desestimación de un recurso tardío es final, y priva fatalmente a la parte de presentarlo nuevamente. *Pueblo v. Rivera Ortiz, supra,* a la pág. 415. En cambio, un recurso desestimado por prematuro permite a la parte afectada presentarlo nuevamente en el momento oportuno. *Íd.* Esto es, luego de que cuando el foro recurrido resuelva lo que tenía ante su consideración. *Yumac Home v. Empresas Massó, supra,* a la pág. 107.

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor no tendrá jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power. Inc. v. Junta de Subasta ASG, supra.*

**III.**

Según surge del escrito presentado por el recurrente, el 1 de julio de 2024, este último envió una "Solicitud de Remedio Administrativo" que, **hasta la fecha en que el recurso fue radicado**, **aún no había sido contestada**. En otras palabras, el Sr. Fradera Alicea recurre ante este Tribunal de Apelaciones y

solicita que revisemos una determinación que, al día de hoy, no ha sido finalmente resuelta por la agencia recurrida.

En fin, el tracto procesal del caso demuestra que **estamos ante la consideración un recurso prematuro**, **toda vez que se solicita nuestra intervención en asuntos sobre los cuales el DCR aún no ha hecho determinación alguna**. Siendo ello así, nos corresponde desestimar el caso por falta de jurisdicción, pues la etapa del procedimiento en que se presenta el caso no es la más oportuna para su consideración.

Aclaramos que, lo aquí resuelto no impide que el recurrente comparezca nuevamente ante este Foro una vez el DCR emita su dictamen final, siempre y cuando lo haga dentro del término jurisdiccional dispuesto por nuestro ordenamiento legal.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Pablo Fradera Alicea, por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones